## No. 629

### BRAUN v. POCIEY

Ohio Appeals, First District, Hamilton County
No. 2155. Decided May 14, 1923

This opinion has not been published except in Abstract.

MUNICIPAL COURTS—(1) Jurisdiction of the Municipal Court of Cincinnati—(2) Demurrer properly sustained where cross-petition fails to set up cause of action.

CUSHING, J.

### Epitomized Opinion

Pociey filed an action in the Municipal Court of Cincinnati for rent of certain premises. The defendant, Braun, filed a general denial and by cross-petition set up a claim against defendant in the sum of $5390 for breach of contract. The defendant then moved that the case be certified to the Common Pleas on the ground that the Municipal Court did not have jurisdiction. The plaintiff moved to strike this motion from the files. Both motions were overruled by the Municipal Court. The planitiff then demurred to the cross-petition and it was sustained. The defendant prosecuted error to the Common Pleas, which sustained the judgment of the lower court, and then to the Court of Appeals. Inn reversing the judgments of the lower courts, the Court of Appeals held:

1. Under GC. 1558-10, even though the amount claimed is in excess of the amount for which the Municipal Court may enter judgment, yet the plaintiff is not precluded from filing his action inasmuch as he may remit the amount in excess of the jurisdictional amount and have judgment in his favor.

2. As the cross-petition did not set forth that the parties had mutually agreed to extend the lease, which was required under the terms of the lease in order for it to be effective, a demurrer to the cross-petition was properly sustained.

Attorneys—Bert H. Long, for Braun; Eugene C. Pociey, for Pociey.

---

## No. 630

### DAVIS v. KELLER

Ohio Appeals, Seventh District, Mahoning County
Decided March 23, 1923

This opinion has not been published except in Abstract.

VACATION OF JUDGMENT—(1) Petition to vacate not independent action and a decision thereon is not appealable.

ROBERTS, J.

### Epitomized Opinion

A petition was filed by Davis, Director General of Railroads, to set aside the judgment obtained by Keller against the former for negligence. Keller claimed in the original action that the Railroad Company was negligent in that the car upon which he was working was in a defective condition in that a handhold upon the same was also defective. After the term of court his petition to vacate the judgment was filed, claiming that the plaintiff had fraudulently represented the nature of his injuries and the manner in which he received them. This petition was heard in the Mahoning Common Pleas and granted. Keller then prosecuted an appeal to the Court of Appeals. Davis filed a motion to dismiss the appeal upon the grounds that the case was not appealable. In sustaining the motion, the Court of Appeals held:

1. A petition to vacate a judgment and verdict is not and should not be considered as an independent and separate action, but is a constituent part of the original action, and is not appealable.

Attorneys—Wilson, Hahn, Henderson & Wilson, for Davis; Anderson, Lamb & Osborne, for Keller.

---

## No. 631

### LOSEE, Admr., v. KRIEGER et al

Ohio Appeals. Sixth District, Lucas County
No. 1329. Decided June 25, 1923

This opinion has not been published except in Abstract.

PLEADINGS—(1) Prayer of petition no part of it— (2) No specific form of pleading required under GC. 10673.

CHITTENDEN, J.

### Epitomized Opinion

This was an action by Losee. The petition alleged that the plaintiff was the administrator of the estate of Olive Marquard and that the defendant, Krieger, was executor of the estate of John Marquard. Krieger was made a defendant personally and also as executor. The plaintiff alleged that Olive Marquard was the beneficiary of certain life insurance policies on John Marquard's life and that the policy was wrongfully collected by Krieger. It also was alleged that Krieger wrongfully collected from the bank over $3.000. which belonged to Olive Marquard. It was also set up that the executor sold and appropriated the proceeds of a sale of a stock of drugs amounting to over $5,000, together with other personal effects, all of which belonged to Olive. The prayer to the petition asked for an accounting. A demurrer was filed by the defendant and sustained. Thereupon an amended petition was filed which differed from the original in no way except that it had four interrogatories attached. A demurrer was filed to this petition and this also was sustained. Plaintiff prosecuted error to the Court of Appeals. In reversing the judgment of the lower court, the Appeals held:

1. The prayer of a petition is no part of it and although the plaintiff may be mistaken as to the relief to which he is entitled, the court will give the relief the statement of facts contained in the petition shows the plaintiff entitled to.

2. Under GC. 10673 no specific form of pleading is required to be filed or followed and where facts are set forth showing that plaintiff's rights have been jeopardized, a sufficient cause of action is set forth.

Attorneys—Charles A. Thatcher and C. A. Meck, for Losee; Marshall & Fraser, George R. Effler and W. T. C. O'Hara, for Krieger.